IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELIZABETH M. ROSS, M.D. & <br> KENNETH M.H. LEE, M.D., P.C. <br> <br> v. <br> <br> IVAR SIGURDSSON, et al. | * <br> * <br> * <br> *   Civil No.  PWG 12-3627 <br> * <br> * <br> * |

**REPORT AND RECOMMENDATION**

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Judgment by Default. ECF Nos. 11, 12. Defendants were properly served and failed to plead or otherwise respond to the complaint, and the Clerk of the Court entered default against them. ECF Nos. 5, 6, 7, 9. For the following reasons, I recommend that Plaintiff's motion be granted in the amounts requested.

**1.    Background.**

On December 11, 2012, Plaintiff Elizabeth M. Ross, M.D. & Kenneth M.H. Lee, M.D., P.C., filed a complaint against Defendants Ivar Sigurdsson, Sigurdsson & Company, Inc., and International Financial Fellowship, LTD (IFF). ECF No. 1. Count I is brought against all three Defendants under Section 502(a) of Title 29 of the United States Code (ERISA) and alleges breach of fiduciary duty by fraudulent conversion. *Id*. Counts II and III are brought against IFF and allege common law conversion and unjust enrichment. *Id.*

The complaint alleges that Plaintiff is the administrator of Plaintiff's profit sharing plan (the Plan) and that all Defendants were Plan Fiduciaries within the meaning of ERISA. ECF No. 1 at ¶¶ 1, 21. In 1990, Plaintiff retained Defendants Sigurdsson and Sigurdsson & Co. to provide accounting and management of the Plan assets. *Id*. at ¶ 8. The assets were invested with IFF. *Id*. at ¶ 9. Sometime after 2008, Plaintiff decided to change service providers and requested

that Defendants transfer all Plan funds and supporting records to its new service provider. *Id.* at ¶ 14. Despite requests, Defendants have failed to transfer the funds or to provide an accounting of the Plan's assets. *Id.* at ¶¶ 14-17.

The motion for default judgment outlines steps Plaintiff has taken, in addition to service of process in this case, to obtain a responsive pleading and to notify Sigurdsson of these proceedings. It also sets forth the damages now being sought and the evidence upon which the requested amounts are based. ECF No. 11.

**2.  Analysis.**

**a.  Liability.**

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where none of the Defendants has sought to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that it has a meritorious defense, the standard for default judgment has been satisfied. *Fanning v. Hotel Mgmt. Advisors-Troy, LLC*, 282 F.R.D. 280, 283 (D.D.C. 2012).

Plaintiff has pled facts which establish all Defendants' liability under ERISA. The facts alleged in the complaint are supplemented by the affidavit of Plaintiff's principal, Elizabeth M. Ross, and by copies of canceled checks endorsed by Sigurdsson. ECF No. 11-1. The complaint, affidavit, and exhibit establish liability as to all Defendants under Count I and a default judgment should be entered in Plaintiff's favor.

**b.  Damages.**

If the court finds that liability is established, it should then determine appropriate damages. *Agora Fin. Inc. v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citing *Ryan*, 253

F.3d at 780-81).  The court must make an independent determination of damages.  *Id.*  Where, as here, Plaintiff has submitted with its motion for default judgment an affidavit and documentary evidence which are sufficient to establish the amount that should be awarded, no hearing is necessary.  Fed. Rule Civ. P. 55(b)(2); *General Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967).  Instead, the court may rely on the affidavit and other evidence to determine the appropriate sum to award.  *See Fanning*, 282 F.R.D. at 283 (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); *see also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

As all Defendants are liable under Count I, damages for breach of fiduciary duty in an ERISA case should be awarded.[1]  Such damages include any losses to the Plan resulting from the breach, 29 U.S.C. § 1109 (a); here, the amount converted plus lost profits from investment funds.  *Dardaganis v. Grace Capital Inc.*, 889 F.2d 1237, 1243 (2d Cir. 1989); *Meyer v. Berkshire Life Ins. Co.*, 250 F. Supp. 2d 544, 572 (D. Md. 2003), *aff'd*, 372 F.3d. 261 (4th Cir. 2004); *In re State St. Bank and Trust Co. Fixed*, 842 F. Supp. 2d 614 (S.D.N.Y. 2012).

Dr. Ross attests that Plaintiff received quarterly statements until December 31, 2004, with the final statement showing the value of the Plan's assets as $285,189.47.  ECF No. 11-1.  A copy of the quarterly statement of that date is attached to her affidavit and confirms this amount.  *Id.* at 14.  As previously noted, Defendants were served with the Complaint and have not responded; thus, this amount is uncontested.  The court should accept Dr. Ross's statement and exhibit, and award damages against all Defendants in the amount of $285,189.47.

Plaintiff is also entitled to recover lost profits from these investment funds.  *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 153 n.4 (2008).  Such an award may not be

---

[1] It will not be necessary to calculate damages for the common law counts as such damages would be duplicative of the ERISA award.

speculative, but in the absence of the ability to precisely calculate lost profits, the court may use a reasonable estimate. *See Dardaganis*, 889 F.2d. at 1242-44 (approving use of averaging method to determine lost investment profits); *Meyer*, 250 F. Supp. 2d at 572 ("[T]he proper measure of damages is the difference between the actual value of the plans and the 'value prudent investments would bear,'" quoting *Davidson v. Cook*, 567 F. Supp. 225, 240 (E.D.Va. 1983). Here, the Plan's investment allocation did not change. The exact rate of return after December 31, 2004, is not available. However, the average historical rate of return, 6.9%, *see* ECF No. 11 at 4 n.2 and ECF No. 11-1 at 14-42, provides a reasonable estimate of the rate of return that would have been earned in the future. *Cf. State St. Bank*, 842 F. Supp. 2d at 656 (proper measure of an ERISA plan's loss seeks to restore the beneficiaries to the position they would have occupied had the breach not occurred). Using the average rate of return of 6.9% per year from December 31, 2004, forward, the court should award lost profits in the amount of $234,726.10. *See* ECF No. 11 at 4; ECF No. 11-3.

      The court has discretion to award attorneys' fees in ERISA actions. 29 U.S.C. § 1132(g)(1). The wrongful conversion of Plaintiff's entire fund is egregious and calls for an award of attorneys' fees. Plaintiff's attorney Douglas W. Desmarais attests that Plaintiff incurred $1,935.50 in fees for 6.5 hours expended. *See* ECF No. 11-4. The number of hours expended is clearly reasonable. However, the court should award fees based on its guidelines for determining reasonable hourly rates. *See* Appendix B, Local Rules (D. Md.). Since counsel have not provided information regarding the number of years they have been admitted to the bar, I recommend that the court use an hourly rate of $170, the midrange for attorneys admitted less than five years, and award attorneys' fees in the amount of $1,105.00.

**3.   Conclusion.**

For the reasons set forth above, the court should:

(A)  Grant Plaintiff's motion for judgment by default;

(B)  Award damages under Count I in the amount of $519,915.57 ($285,189.47 and $234,726.10 in lost profits) plus attorneys' fees in the amount of $1,105.00, for a total award of $521,020.57.

Date: May 5, 2014                                                /S/
                                                          JILLYN K. SCHULZE
                                          United States Magistrate Judge